## DICK VAN DAM v. ART BAKKER AND OTHERS.[1]

February 20, 1925.

No. 24,430.

**Registration tax on executory contract of sale of land.**
    Where the mortgage registration tax has been paid upon a contract for the sale of real estate, no additional tax is required upon an assignment of such contract by the vendor, no matter whether such assignment is an outright sale of the vendor's interest or as collateral security for a pre-existing indebtedness.

*Headnote 1. See Taxation, 37 Cyc. p. 787.

Action in the district court for Pipestone county. The case was tried before Nelson, J., who ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Morris Evans* and *C. T. Howard*, for appellant.
*Charles Dealy* and *James H. Hall*, for respondents.

HOLT, J.
    The pertinent facts are these: On January 20, 1923, a judgment was docketed in Pipestone county in favor of plaintiff and against defendant Art Bakker, for $4,545.20. On July 23, 1913, Bakker owned a quarter section of land in Pipestone county, and on that date entered a written contract to sell and convey the same to John Wiersma for $17,600. The latter went into possession, the mortgage tax on the contract was paid, and it was duly recorded on June 17, 1917. There is still $9,900 unpaid of the amount Wiersma agreed to pay for the land. On April 1, 1922, Art Bakker was indebted to the two defendant banks in the sum of $10,518.44 upon promissory notes, and to secure their payment he assigned the contract with Wiersma to said banks jointly, which assignment was duly recorded on December 30, 1922. Later Bakker conveyed to the banks jointly the land covered by the contract as additional

[1]Reported in 202 N. W. 343.

security for the debt mentioned, but the deed is absolute in form and no registration tax was paid thereon when it was recorded, January 10, 1923. This action was brought to have plaintiff's judgment declared superior to the interests acquired by the banks through the prior assignment by Bakker of the contract and by his deed. The court ordered judgment for defendants and plaintiff appeals.

We need not consider whether the deed from Bakker to the banks transferred any rights superior to plaintiff's judgment, for, we think, the assignment by Bakker of the contract with Wiersma, recorded prior to the docketing of plaintiff's judgment, transferred to the banks all of the vendor's interest to the $9,900 owing him from the vendee, so that nothing of Bakker's interest remained which plaintiff's judgment could reach. Plaintiff's contention is that another registration tax should have been paid upon the assignment of the contract, even though the full tax had been paid on the contract; and such tax not having been paid upon the assignment, its record is claimed to be of no legal effect. We do not so construe the statute. Section 2301, G. S. 1923, relating to the registration tax upon real estate securities, provides that the word "mortgage," as used in the act, "shall mean any instrument creating or evidencing a lien of any kind on such property, given or taken as security for a debt, notwithstanding such debt may also be secured in part by a lien upon personalty. An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof, shall be deemed, for the purpose of this act, a mortgage of said land for the unpaid balance of the purchase price. No instrument relating to real estate shall be valid as security for any debt, unless the fact that it is so intended and the amount of such debt are expressed therein." The object of the statute is to tax real estate mortgages. It is a revenue measure solely. The provisions forbidding the record of such instruments and making them inadmissible in evidence unless the tax is paid are means for the enforcement of the tax. But when the tax has once been paid upon such mortgage for the full face of the debt secured, no more should be exacted thereon during the time paid for, no matter what use is

made of the mortgage. It is clear that when such mortgage and debt are sold and assigned the assignment requires the payment of no registration mortgage tax. We can discover in the statute no intent to so impose a tax when the assignment is made as security instead of an outright sale. As supporting this view we cite section 2307, G. S. 1923, providing: "No such mortgage, no papers relating to its foreclosure nor any assignment or satisfaction thereof shall be recorded or registered after the passage of this act unless said tax shall have been paid; nor shall any such document or any record thereof, be received in evidence in any court or have any validity as notice or otherwise." The plain implication is that when the tax on the mortgage is paid, then any assignment or other instrument relating to such mortgage is entitled to record, may be received in evidence, and is of such validity as it would have been had no mortgage registration tax statute existed. By the terms of section 2322, above quoted, the land contract assigned must be considered a real estate mortgage for all purposes involving the applicability of the tax imposed upon real estate securities.          •

It is not deemed necessary to discuss the proposition whether the interest of a vendor in an executory contract of sale is personalty or realty, for we think the registration mortgage tax law demands payment of but one tax upon the contract, and, when that is once paid, it may be assigned and the instrument of assignment requires no tax.

The finding that Art Bakker was indebted to the banks in the stated amount is amply sustained.

The decision of the learned trial court is right and the order denying a new trial is affirmed.